Submitted December 19, 2011, jurisdictional judgment reversed as to father; otherwise affirmed February 8, 2012

In the Matter of
K. A. H., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. H., Jr.,
*Appellant.*

Umatilla County Circuit Court
JV110028;
Petition Number JV110028A;
A148579

273 P3d 203

Peter Gartlan, Chief Defender, and Mary Shannon Storey, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Father appeals a judgment in which the juvenile court took jurisdiction over his child.[1] ORS 419B.100(1)(c) (providing generally that the juvenile court has exclusive jurisdiction over "a person who is under 18 years of age" and "[w]hose condition or circumstances are such as to endanger the welfare of the person or of others"). A detailed statement of the facts would not benefit the bench, the bar, or the public. As to mother, the trial court took jurisdiction over child based on mother's admission to an allegation in the dependency petition. As to father, the trial court took jurisdiction based on the fourth allegation in the dependency petition that he "has not presented himself as a parenting resource and needs the assistance of the Department of Human [Services (DHS)] to establish a meaningful relationship with the child."

On appeal, father contends, *inter alia*, that DHS "failed to prove any of the facts alleged as a basis for jurisdiction, much less that any of those 'facts' exposed child to a current threat of serious loss or injury that is likely to be realized." DHS concedes that "the juvenile court erred in finding that [the fourth allegation in the dependency petition concerning father] had been proven by a preponderance of the evidence." *See* ORS 419B.310(3) ("The facts alleged in the petition showing the child to be within the jurisdiction of the court as provided in ORS 419B.100(1), unless admitted, must be established by a preponderance of competent evidence."). We agree with DHS that the evidence is legally insufficient to support the court's exercise of jurisdiction as to father and accept DHS's concession.[2] Accordingly, we reverse the jurisdictional judgment as to father but otherwise affirm.

Jurisdictional judgment reversed as to father; otherwise affirmed.

---

[1] Father also appeals a judgment entered following a review hearing that continued child's placement in substitute care.

[2] Our disposition obviates the need to consider father's other contentions on appeal concerning the jurisdictional and review judgments.